William W. Mercer, United States Attorney
District of Montana
2929 Third Ave. N
Billings, Montana 59102
(406) 657-6101

Jonathan L. Snare, Acting Solicitor of Labor
Michael A. Stabler, Regional Solicitor
Ann M. Noble, Associate Regional Solicitor
Katherine Vigil, Senior Trial Attorney
Lydia Tzagoloff, Trial Attorney
1999 Broadway, Suite 1600
Denver, CO 80202-5710
(303) 844-1745
(303) 844-1753 Facsimile
vigil.katherine@dol.gov
tzagoloff.lydia@dol.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-07-15-BLG-RFC-CSO |
| | ) | |
| v. | ) | |
| | ) | |
| DIVERSIFIED TRANSFER & STORAGE, INC., | ) | |
| doing business as DTS, and DTS LOGISTICS, | ) | |
| LLC, and JAY FOLEY, individually | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of §§ 7,

11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C §§

207, 211(c), 215(a)(2) and 215(a)(5)), hereinafter called the "FLSA", and to enjoin the continued

withholding by the Defendants of unpaid overtime compensation due employees under the FLSA.

I

Jurisdiction of this action is conferred upon the Court by § 17 of the FLSA (29 U.S.C. § 217) and by 28 U.S.C. § 1345.

II

A.    Defendant, Diversified Transfer & Storage, Inc., dba DTS, is located in Billings, Montana, within the jurisdiction of this Court. Defendant Diversified Transfer & Storage, Inc., dba DTS is a Montana corporation, engaged in providing local and long distance refrigerated transportation and delivery services.

B.    Defendant, DTS Logistics, LLC, is located in Billings, Montana, within the jurisdiction of this Court. Defendant DTS Logistics, LLC is a Montana corporation engaged in freight forwarding.

C.    Defendant, Jay Foley, resides in Billings, Montana, within the jurisdiction of this Court, and is involved in the day to day operations of Defendants, Diversified Transfer & Storage, Inc., dba DTS and DTS Logistics, LLC, and acts directly or indirectly in the interest of Defendants, Diversified Transfer & Storage, Inc., dba DTS and DTS Logistics LLC in relation to the employees referred to below.

III

At all times hereinafter mentioned, the business activities of Defendants, Diversified Transfer & Storage, Inc., dba DTS and DTS Logistics, LLC referred to in paragraph II A & B supra, were, and are, related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

IV

At all times hereinafter mentioned, Defendants, Diversified Transfer & Storage, Inc., dba DTS and DTS Logistics, LLC employed employees in and about their places of business in the

activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA (29 U.S.C. § 203(s)(1)(A)).

V

Defendants have violated the provisions of §§ 7 and 15(a)(2) of the FLSA (29 U.S.C. §§ 207 and 215(a)(2)) by employing certain of their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours since at least January 2005 without compensating said employees for their employment in excess of forty (40) hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VI

Defendants have violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA (29 U.S.C. §§ 211(c) and 215(a)(2)), in that since at least January 2005, Defendants have failed to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as prescribed by the regulations promulgated pursuant to § 11(c) of the FLSA (29 U.S.C. § 211(c)) at 29 C. F. R. § 516, in that the records kept by Defendants, fail to show, among other things, the hours worked each work day and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time and overtime earnings for each workweek, and total additions to or deductions from wages paid each pay period, with respect to certain of Defendants' employees.

VII

As a result of the violations alleged in paragraph V hereof, amounts are owing from Defendants to certain of Defendants' present and former employees, which amounts are presently

3

unknown to Plaintiff, for the period from January 2005 to the current time. Inasmuch as the violations are continuing, additional amounts are accruing for Defendants' employees. Defendants have unlawfully withheld, and continue to withhold unpaid overtime compensation from their employees. A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid overtime compensation due Defendants' employees is specifically authorized by § 17 of the FLSA (29 U.S.C. § 217).

WHEREFORE, cause having been shown:

Plaintiff prays for judgment, pursuant to § 17 of the FLSA (29 U.S.C. § 217), permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the provisions of §§ 7, 11(c), 15(a)(2), and 15(a)(5) the FLSA (29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5)), including the restraint of any withholding of payment of unpaid overtime wages found by the Court to be due Defendants' employees together with interest thereon from the dates when such amounts became due, and for such other and further relief as may be necessary and appropriate to effectuate the purposes of the FLSA.

Plaintiff further prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961 and for the recovery of the costs of this action.


Office of the Solicitor
1999 Broadway
Suite 1600
Denver, CO 80202
(303) 844-1745

Jonathan L. Snare
Acting Solicitor of Labor

Michael A. Stabler
Regional Solicitor

Ann M. Noble
Associate Regional Solicitor

By _Katherine Vigil_
Katherine Vigil
Senior Trial Attorney

By _Lydia Tzagoloff (for)_
  Lydia Tzagoloff
  Trial Attorney

U. S. DEPARTMENT OF LABOR

2929 Third Ave. N
Billings, Montana 59102
(406) 657-6101

William W. Mercer
United States Attorney
District of Montana

  Attorneys for Plaintiff