FILED
BILLINGS DIV.

2008 JAN 2 PM 4 49

PATRICK E. DUFIN, CLERK

BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>vs.<br><br>DIVERSIFIED TRANSFER & STORAGE, INC., doing business as DTS, and DTS LOGISTICS, LLC, and JAY FOLEY, individually,<br><br>        Defendants. | CV-07-15-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff, the Secretary of Labor ("Secretary"), filed this action January 1, 2007,

alleging that the Defendants violated several provisions of the Fair Labor Standards Act

of 1938 ("FLSA"), specifically 29 U.S.C. §§ 207, 211(c), 215(a)(2), and 215(a)(5).

*Cmplt. (Court's Doc. No. 1) at 1-2.* By Order dated May 1, 2007, this case was referred

to the undersigned for all pretrial purposes, including submission of proposed findings

and recommendations. *Ord. (Court's Doc. No. 8).* Now pending before the Court is

Defendant DTS Logistics' Motion to Dismiss, or in the alternative, Motion for Summary

Judgment (*Court's Doc. No. 17*). Having considered the issues presented, the Court recommends that the motion be granted.

## I.   BACKGROUND

In her Complaint, the Secretary alleges that the Defendants violated 29 U.S.C. §§ 207 and 215(a)(2) by working certain employees more than forty hours a week without paying overtime rates for excess hours since at least January 2005. *Cmplt. at 3.* The Secretary also alleges that the Defendants violated 29 U.S.C. §§ 211(c) and 215(a)(2) by failing to maintain employee records as required in 29 C.F.R. § 516. *Id.* The Secretary alleges that as a result of these violations, the Defendants have withheld and continue to withhold unpaid overtime due their employees. *Id. at 4.*

The Defendants deny any wrongdoing. *Ans. (Court's Doc. No. 6) at 2.* Relevant to this motion, DTS Logistics asserts that it does not employ any individual employees with overtime claims, and thus is not a proper party to this action and should be dismissed. *Id. at 2-3.* DTS Logistics filed the instant motion on August 16, 2007. The Court granted the Secretary's motion for limited discovery (*Court's Doc. No. 21*) relating to DTS Logistics' motion, on October 18, 2007. *Court's Doc. No. 23.* The period set for limited discovery has ended, and the Secretary has responded to DTS Logistics' motion.

## II.   PARTIES' ARGUMENTS

DTS logistics argues that, under the FLSA definitions, it is not an employer of the employees involved in this case. *Br. Supp. Mot. to Dismiss (Court's Doc. No. 18) at 1-2.* DTS supports this position by citing Bonnette v. Ca. Health & Welfare Agency, 704 F.3d 1465 (9th Cir. 1983). *Id. at 2-3.* DTS Logistics argues that it is not an employer under

Bonnette and the FLSA, and thus should be dismissed or granted summary judgment. *Id. at 4.* DTS Logistics also submits the affidavit of Scott Weiss, its managing member, to support DTS Logistics' argument that it has no employment relationship with the Diversified Transfer & Storage, Inc., employees involved in this case. *Aff. of Scott Weiss (Court's Doc. No. 18-2).*

In her motion for limited discovery, the Secretary argued that if the business practices of DTS Logistics and Diversified Transfer and Storage, Inc., constituted an enterprise under 29 U.S.C. § 203(r) , then DTS Logistics could be named a defendant. *Pl.'s Mot. for Ltd. Discovery (Court's Doc. No. 21) at 2.* DTS Logistics resisted the Secretary's motion and argued that the Secretary had to prove DTS Logistics was an employer according to the analysis in Bonnette in order for DTS Logistics to be within the Department of Labor's jurisdiction. *DTS Logistics' Reply in Support of Mot. to Dismiss (Court's Doc. No. 22) at 1.*

The Secretary now argues that DTS Logistics meets the test for enterprise liability under the FLSA, and as such is a proper defendant. *Pl.'s Response Br. (Court's Doc. No. 24).* Specifically, the Secretary states that Congress amended the FLSA to cover enterprises. *Id. at 2.* The Secretary argues that a three-prong test determines enterprise liability: (1) related activities; (2) unified operations or common control; and (3) common business purpose. *Id. at 3.*

The Secretary argues that DTS Logistics' responses to her discovery requests, and Diversified Transfer and Storage's website, show that these entities meet the criteria for an enterprise. *Id.* The Secretary argues that because DTS Logistics utilizes

-3-

Diversified Transfer and Storage as a carrier for goods for which DTS Logistics arranges transport, the first prong of the test, related activities, is met. *Id. at 4-5.* The Secretary states that DTS Companies, Inc., a holding company, wholly owns Diversified Transfer and Storage, and owns 60% of DTS Logistics. *Id. at 5.* The Secretary also states that individual defendant Jay Foley owns 75% of DTS Companies, that Mr. Foley is director of Diversified Transfer and Storage, and also a member of DTS Logistics. *Id. at 5-6.* The Secretary argues that this establishes common control, the second prong. *Id. at 5-6.* Finally, the Secretary argues that because the first two prongs of the test are met, the third prong, common business purpose, is necessarily established. *Id. at 6.*

DTS Logistics replies that the Secretary misses the point by addressing only whether DTS Logistics is covered by the FLSA as an enterprise. *DTS Logistics' Reply Br. (Court's Doc. No. 25) at 1.* DTS Logistics states that the enterprise theory is relevant to coverage under the FLSA, but argues that whether DTS Logistics can be liable under the FLSA for the employees in question turns on whether DTS Logistics is a joint employer of the employees in question. *Id. at 2.* DTS Logistics argues that it is not liable under the joint employer analysis set forth in Bonnette, and thus should be dismissed. *Id. at 3-4.*

Finally, DTS Logistics distinguishes Chao v. A-1 Medical Services, Inc, 346 F.3d 908 (9th Cir. 2003), arguing that this case is different because none of the subject employees of Diversified Transfer & Storage performed any work for DTS Logistics. *Id. at 3-4.*

## III.   DISCUSSION

### a.   Summary Judgment Standard

DTS Logistics argues that it should be dismissed under Fed. R. Civ. P. 12

because it is not an "employer" of the subject employees within the meaning of the

FLSA.  Though DTS Logistics does not specify, the Court must treat DTS Logistics'

assertion that it is not a proper defendant to this action under the FLSA as a motion to

dismiss for failure to state a claim under Rule 12(b)(6).  It is the Secretary's belief that

DTS Logistics is questioning the Court's subject matter jurisdiction under Rule 12(b)(1).

*Pl.'s Resp. Br. to Defs.' Mot. to Dismiss at 2.*  It is true that  when a motion to dismiss

"attacks the substance of the complaint's jurisdictional allegations", the Court will treat

it as a 12(b)(1) motion even if the motion is identified otherwise.  Corrie v. Caterpillar,

Inc., 503 F.3d 974, 980 (9th Cir. 2007).  Here, however, DTS Logistics has essentially

attacked the substance of federal question jurisdiction by arguing that DTS Logistics is

not an employer under the FLSA.  An attack on federal question jurisdiction is generally

treated as an attack on the merits of the claim rather than a jurisdictional defect, and

thus the motion is properly treated as a Rule 12(b)(6) motion.  See Steel Co. v. Citizens

for a Better Environment, 523 U.S. 83, 89 (1998); see also Cement Masons Health &

Welfare Trust for N. Cal. v. Stone, 197 F.3d 1003, 1007-1008 (9th Cir. 1999).

In support of its motion, DTS Logistics attached documents outside the pleadings

that the Court has considered and not excluded.  Thus, the Court will treat DTS

Logistics' motion as a motion for summary judgment.

The record reflects that the Secretary had notice of the extrinsic materials, and

herself submitted materials outside the pleadings. *See Pl.'s Resp. to Defs.' Mot. to Dismiss (Court's Doc. No. 24)*. Accordingly, the Court will address the motion without allowing the parties further opportunity to conduct discovery with respect to the motion. See San Pedro Hotel Co., Inc., 159 F.3d 470, 477 (9th Cir. 1998), citing with approval Grove v. Mead School Dist. No. 354, 753 F.2d 1528, 1532 (9th Cir. 1985) (holding that a "represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment").

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence

of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

### b.    Liability Under the FLSA

The question is whether DTS Logistics can be liable under the FLSA when Diversified Transfer and Storage employs the subject employees.  The  FLSA's overtime rules apply when employees are "engaged in commerce or in the production of good for commerce, or ... employed in an enterprise engaged in commerce." Chao v. A-One Medical Services, Inc., 346 F.3d 908, 914 (9th Cir. 2003) (quoting 29 U.S.C. § 207(a)(1)).  More than one corporate or organizational unit may constitute a single enterprise for purposes of FLSA coverage when three elements are present: (1) related activities; (2) unified operation or common control; and (3) common business purpose. Id. at 915; 29 U.S.C. § 207(r)(1).  DTS Logistics represents that it does not dispute coverage under the FLSA, but argues that on the facts in this case, DTS Logistics cannot be liable under the FLSA because it is not a joint employer.  Thus, the Court assumes, for purposes of deciding this motion, that DTS Logistics is covered by the FLSA.

DTS Logistics' assertion that its liability under the FLSA is premised on whether DTS Logistics is an employer of the subject employees is correct.  See A-One Medical,

346 F.3d at 917 ("Whether two companies constitute a single enterprise for FLSA

coverage and whether they are liable as joint employers ... are technically separate

issues .... [t]he finding of an enterprise is relevant only to the issue of

coverage.")(quotation and citations omitted), see also Torres-Lopez v. May, 111 F.3d

633; 645 (9th Cir. 1997) (holding that defendant farm was a joint employer of plaintiff

farm workers for purposes of FLSA  and reversing summary judgment for defendant

farm). Thus, assuming that DTS Logistics is covered by the FLSA, liability turns on

whether DTS Logistics is an employer of the employees involved here.

More than one entity may employ an employee under the FLSA when those

entities are considered "joint employers." Torres-Lopez, 111 F.3d at 638 (citing 29

C.F.R. § 791.2(a).  "[T]he concept of joint employment should be defined expansively

under the FLSA ...." Id. at 639.  The regulations provide the following examples of joint

employment:

> Where the employee performs work which simultaneously
> benefits two or more employers, or works for two or more
> employers at different times during the workweek, a joint
> employment relationship generally will be considered to exist
> in situations such as:
> (1) Where there is an arrangement between the
> employers to share the employee's services, as, for example,
> to interchange employees; or
> (2) Where one employer is acting directly or indirectly
> in the interest of the other employer (or employers) in
> relation to the employee; or
> (3) Where the employers are not completely
> disassociated with respect to the employment of a particular
> employee and may be deemed to share control of the
> employee ....

29 C.F.R. § 791.2(b) (2007).

-8-

The Ninth Circuit has applied an "economic reality" test to determine the existence of a joint employment relationship.  Id.  The court should consider all relevant factors in this determination.  Id.  Courts of the Ninth Circuit  consider in particular the following four factors:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

Bonnette v. Ca. Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983) (disapproved of on other grounds by Garcia v. San Antonio Met. Trans. Auth., 469 U.S. 528 (1984)).

DTS Logistics' relationship with the employees in this matter does not appear to fit the examples given in the regulations.  No employees have worked simultaneously for DTS Logistics and Diversified Transfer and Storage. *See Pl.'s Resp. to Def.'s Mot. to Dismiss, ex. 2 at 11.*  While DTS Logistics employees arguably work for the simultaneous benefit of DTS Logistics and Diversified Transfer and Storage when the employees arrange transfers of goods involving both entities (*see Id. at 8*), this benefit is incidental and is not comparable to other situations where courts have found joint employment based on the regulation's examples.  See e.g. A-1 Medical Services, 346 F.3d at 918 (finding entities were joint employers because one entity managed the other's employees, and the same supervisor and scheduler oversaw employees of both entities).

Further, DTS Logistics' relationship with the employees in this matter includes

none of the factors considered in Bonnette. According to the uncontroverted affidavit of Scott Weiss, DTS Logistics does not employ any of the subject employees, all of whom work for Diversified Transfer and Storage. *Weiss Aff. ¶ 1.* DTS Logistics does not have the power to hire or fire these employees, supervise or control the employees, determine the rate and method of payment of the employees, or maintain employment records for these employees. *Id. ¶¶ 1-4.* Again, this relationship is not comparable to situations where courts, applying the Bonnette factors, have found a joint employment relationship. See e.g. Bonnette, 704 F.2d at 1470 (finding that appellants employed workers where appellants paid workers, exercised considerable control over worker's employment such as setting hours and tasks, and had periodically significant supervisory role); see also Cai v. Fishi Café, Inc., 2007 WL 2781242, 4-5 (N.D. Cal) (denying individual defendant summary judgment on FLSA claim where the evidence, taken in light most favorable to plaintiffs, indicated "at least some control over monies of the [employer] restaurants and hiring and firing.").

The Court must conclude that DTS Logistics is not a joint employer of the subject employees as a matter of law. Thus, DTS Logistics is entitled to summary judgment on all claims against it.

## IV.   CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that DTS Logistic's Motion for Summary Judgment (*Court's Doc. No. 17*) be **GRANTED.**

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that,

-10-

pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten
(10) days after receipt hereof, or objection is waived.

DATED this 2nd day of January, 2008.

Carolyn S. Ostby
United States Magistrate Judge

-11-